IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRIENDS OF NORTH EAST NAZARENE CAMP GROUND, LLC | : : : |
| v. | : : Civil No. WMN-06-3329 |
| THE PHILADELPHIA DISTRICT ADVISORY BOARD OF THE CHURCH OF THE NAZARENE, INC. et al. | : : : : |

**MEMORANDUM**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. Paper No. 11.[1] The motion is unopposed and the time for having filed an opposition has passed. Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be granted.

Defendant Philadelphia District Advisory Board of the Church of the Nazarene, Inc. (Philadelphia District), is a religious organization that owns several parcels of land near North East, Maryland. This property has been used for decades as a church camp known as the North East Nazarene Camp Ground. Defendant Rev. Newell Smith is the District Superintendent of the Philadelphia District. Individual members of churches within Defendants' denomination have entered into License Agreements

---

[1] Also pending is a motion to strike Plaintiff's jury trial demand. Paper No. 10. Because the Court will dismiss the action, this motion will be denied as moot.

with the Philadelphia District that allowed them to construct cottages on the Camp Ground.

The Philadelphia District has recently entered into a contract to sell the property to a developer.  Plaintiff brought this action in the Circuit Court of Maryland for Cecil County to stop the sale.  Plaintiff represents that it is a Maryland limited liability company organized solely for the purpose of bringing this action on behalf of the licensees.  Compl. ¶ 1. According to Plaintiff, its formation was for "judicial efficiency rather than naming each of the individual licensees in this matter."  Id.  Defendant timely removed the action to this Court on the basis of diversity jurisdiction.  Defendants now move to dismiss this action on the grounds that: (1) Plaintiff's claim is inconsistent with the terms of the License Agreement; (2) Rev. Smith is not a proper party in this action; and (3) Plaintiff is not the proper party to bring a claim under the License Agreement.

Although Plaintiff does not identify the particular nature of its claim against Defendants, the Court must assume that this is an action for breach of contract: the specific contracts being the License Agreements entered into between Defendant Philadelphia District and the individuals who own cottages or recreational vehicles on the Camp Ground.  See Compl. ¶ 6-8 (alleging that, by entering into a contract to sell the Camp

Ground to a developer, Defendants are "in direct material breach of the License Agreements"). Because the Complaint relies upon the License Agreements as the basis for Plaintiff's claims, the License Agreements are incorporated by reference into the Complaint and the Court can consider the terms of those agreements in deciding the instant motion to dismiss. See Stewart v. Pension Trust of Bethlehem Steel Corp., 12 Fed. Appx. 174, 176 (4th Cir. 2001) ("A district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which plaintiff's complaint necessarily relies."); Lewis v. Microsoft Corp., 410 F. Supp. 2d 432, 435 (E.D.N.C. 2006).

As an initial observation, it would appear that Plaintiff does not have standing to bring a breach of contract action, as it was not a party to the contract. While it may claim that it represents the interests of the individual licensees, it provides no legal basis for that claim. The Court notes that the License Agreements expressly provide that they are "not assignable or transferable." License Agreement ¶ 3. Similarly, Defendant Rev. Smith would appear to be an improper party in this action. He is not a party to the License Agreements and Plaintiff provides no legal authority to hold him individually liable under the agreements.

Assuming that the correct parties were made a part of this suit, the claims would still fail on their merits as they are inconsistent with the terms of the agreements. In the

3

"Background and Purpose" section of the Agreements, they expressly provide that "the Licensor expects to, <u>but is under no obligation</u>, to renew this license each year."  License Agreement at 2 (emphasis added).  This same provision is repeated later in the agreements.  <u>Id.</u> ¶ 1 ("The term of the license shall be one (1) year . . . .  This license may be terminated and may be revoked as explained herein.  <u>The Licensor is under no obligation to renew the license each year</u> but may renew.") (emphasis added).  The Agreements also set forth the procedure for revocation: "[t]he license can be revoked by Licensor by giving Licensee thirty (30) days written notice," <u>id.</u> ¶ 10, and specifically provide for the possible sale of the property:

> <u>DISPOSITION OF CAMPGROUND</u>.  If the camp meeting grounds are sold or otherwise disposed of, either by entering a sales agreement or by a conveyance, upon thirty (30) days notice, the Licensee shall remove the cottage and any appurtenances.  Licensor has no obligation to purchase, move or dismantle the cottage.  At the end of the thirty (30) day period after the notice, Licensor hereby gives permission to Licensee to remove the cottage, at Licensee's expense and Licensor may charge Licensee the cost to remove the cottage and Licensee agrees to pay such charges.

<u>Id.</u> ¶ 11.  Finally, the Agreements have integration clauses that provide that the agreements "supersede[] any prior agreement and may be modified only in writing."  <u>Id.</u> ¶ 21.

   Based upon the plain language of the License Agreements upon which Plaintiff bases its claim, Defendant Philadelphia District had the right to revoke the licenses and sell the Camp Ground. Despite a more than ample opportunity to do so, Plaintiff has

4

offered no explanation as to why this plain language is not controlling.  Accordingly, this action will be dismissed.

A separate order will issue.

```
                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge
```

Dated: January 30, 2007