IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRIENDS OF NORTH EAST          :
NAZARENE CAMP GROUND, LLC      :
                               :
v.                             :
                               :   Civil No. WMN-06-3329
THE PHILADELPHIA DISTRICT      :
ADVISORY BOARD OF THE CHURCH   :
OF THE NAZARENE, INC. et al.   :

MEMORANDUM

Before the Court is Plaintiff's Motion for Reconsideration. Paper No. 14.  The motion is fully briefed.  Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be granted.

Plaintiff is a Maryland Limited Liability Corporation formed to protect and preserve the current usage of the North East Nazarene Camp Ground, a religious camp founded in 1917 and located in the town of North East, Maryland.  In November 2006, Plaintiff filed this action in the Circuit Court for Cecil County, Maryland, challenging Defendants' plan to sell the camp to a developer.[1]  Defendants removed the action to this Court on December 19, 2006, and on the same day, filed a motion to dismiss the complaint.  For reasons that remain unclear, Plaintiff's

---

[1] Named as defendants were The Philadelphia District Advisory Board of the Church of the Nazarene, Inc. (the Philadelphia District), the owner of the camp, and Rev. Newell D. Smith, the Superintendent of the Philadelphia District.

counsel failed to respond to the motion or even inform Plaintiff that the motion was pending.  On January 30, 2007, this Court granted the motion and dismissed the Complaint.

Upon learning of the dismissal, Plaintiff retained new counsel who promptly filed the motion for reconsideration.  The gravamen of Plaintiff's motion is that the Court's dismissal was premised on an inadequate understanding of the Complaint. Defendants' motion to dismiss construed the Complaint as limited to an action for the breach of the License Agreements entered into between Defendant Philadelphia District and the individuals who own cottages or recreational vehicles at the camp.  See, e.g., Mot. to Dismiss 2 (Defendants summarize its arguments as, "the clear and unambiguous language of the License Agreement does not provide the Plaintiff with a cause of action because it expressly provided that the property could be sold and the License Agreement was revocable," and "Plaintiff also lacks standing to bring this action as it is not a party to nor is it in privity with the License Agreement as a third-party beneficiary").  In granting the motion, the Court adopted that construction.  See Jan. 30, 2007, Mem. at 2 ("Although Plaintiff does not identify the particular nature of its claim against Defendants, the Court must assume that this is an action for breach of contract: the specific contracts being the License Agreements. . . .").

2

While not denying that the Complaint includes claims for
breaches of the Licensing Agreements, Plaintiff contends that the
Complaint also stated claims for negligent and/or fraudulent
misrepresentation which the Court did not consider.  A review of
the Complaint reveals that it did contain allegations that the
cottage owners built their cottages "based on the representations
of the Defendant that the real property would remain as a
religious worship center and the grounds would be used for the
purposes of the church."  Complaint ¶ 10.  The Complaint also
alleged that Defendants should have reasonably expected that the
cottage owners would expend considerable sums of money in
building the cottages in reliance upon those promises and, in
fact, the cottage owners did act in such reliance and would
suffer damage were Defendants to now renege on those promises.
Id. ¶¶ 11, 12.  These allegations are sufficient, at the least,
to support a claim for negligent misrepresentation.[2]

Unfortunately, these allegations were not addressed by
Defendants in their motion to dismiss nor by the Court in its

_____

[2] The temporarily missing page three of the Complaint also
contained additional allegations supporting Plaintiff's claims
against Defendant Smith.  Defendants moved to dismiss the claims
against Defendant Smith in his individual capacity in part on the
ground that "there is no allegation in the Plaintiff's Complaint
that Rev. Smith was ever acting outside the scope of his official
duties as District Superintendent of the Philadelphia District."
Mot. to Dismiss at 11.  On page three of the Complaint, Plaintiff
expressly alleged that "Defendant Rev. Newell Smith has exceeded
his authority."  Compl. ¶ 15.

3

memorandum granting that motion.  This omission is perhaps explained by the fact that all of the allegations related to Plaintiff's misrepresentation claims were on page three of the Complaint, a page that, like Plaintiff's former counsel, took an unexplained hiatus from this litigation.  When Defendants removed the action to this Court, they filed copies of all pleadings that had been filed in the Circuit Court for Cecil County, as required by this Court's Local Rules.  <u>See</u> Local R. 103.5.  Although it is clear from the facsimile transmission information contained on the copy of the Complaint filed in this Court that Defendants were served a complete copy of the Complaint and that they then sent a complete copy of the Complaint to their counsel, the copy filed in this Court by Defendants' counsel omitted page three. Given the lack of reference to any of the allegations on this page in Defendants' motion to dismiss, it would appear that page three was not in front of Defendants' counsel when the motion was prepared.  While the Court noticed that a page was missing as it considered the motion to dismiss, and requested and received a copy of the missing page from Defendants' counsel before issuing its ruling, its ruling plainly failed to fully consider the significance of those allegations.[3]

---

[3] It is true that, had Plaintiff's original counsel responded to the motion to dismiss, the Court's attention could have been directed to these allegations and the full scope of the Complaint could have been considered.  Defendants argue that the unexplained failure of Plaintiff's previous counsel should

4

Under Rule 59(e), a Court can, in its discretion, alter or amend a judgment "to correct a clear error of law or prevent manifest injustice."  EEOC v. Lockheed Martin Corp, Aero & Naval Sys., 116 F.23 110, 112 (4th Cir. 1998).  Given the unusual confluence of errors on the part of Defendants' counsel, Plaintiff's counsel, and the Court, the Court will grant the motion and vacate the order dismissing this action.

Given that this case will now go forward in this forum, the Court believes it would be advantageous to allow Plaintiff the opportunity to amend the Complaint.  While the Complaint may have been sufficient for the state court in which it was originally filed, it would be helpful (as Plaintiff's current counsel acknowledges) if the claims were more clearly identified. Accordingly, the Court will grant Plaintiff leave to file an Amended Complaint within 15 days of the date of this Memorandum and Order.   Furthermore, nothing in this opinion should be construed as limiting Defendants' ability to renew its motion to

---

preclude Plaintiff from now raising these issues and that Plaintiff's remedy should be limited to a malpractice action against its former counsel.  See Opp. 11.  A malpractice action, however, would not make Plaintiff whole.  While Plaintiff made an alternative prayer for monetary damages in its Complaint, the primary purpose of the action is clearly the preservation of the current religious use of the camp.  Although Plaintiff may or may not ultimately prevail on the merits of it claims challenging Defendants' plans to sell the camp, Plaintiff should have the opportunity to present those claims in a context that at least has the potential to provide it with the true relief that it seeks.

dismiss once the Amended Complaint is filed.

A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

Dated: March 22, 2007